UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

               Plaintiff,

       v.

MICHAEL GROSS,

              Defendant.

No. CR-04-32-FVS

ORDER DENYING RELIEF
UNDER 28 U.S.C. § 2255

**THIS MATTER** comes before the Court based upon the defendant's motion to vacate his sentence. 28 U.S.C. § 2255. He is representing himself. The government is represented by Assistant United States Attorney Stephanie Whitaker.

**BACKGROUND**

On August 11, 2004, Michael Gross was charged in the Fourth Superseding Indictment with the crime of conspiracy to distribute methamphetamine. 21 U.S.C. § 846. A jury trial began on August 23rd. Mr. Gross was tried with three other persons: Ethan Breithaupt, Omar Lizarrala Cedano, and Keith Peer. On September 14th, the jury returned a verdict of guilty. Judgment was entered on January 11, 2005. Mr. Gross appealed. On March 13, 2006, the Ninth Circuit affirmed Mr. Gross' conviction and sentence. The circuit court ruled that the evidence established the existence of two conspiracies, rather than the one conspiracy alleged by the government, but that Mr.

ORDER - 1

Gross suffered no prejudice from evidentiary spillover because the evidence concerning each conspiracy was readily compartmentalized. (Memorandum opinion of March 13, 2006, at 3 (internal punctuation and citation omitted)).  In addition, the circuit court ruled that the evidence presented at trial did not constitute a constructive amendment of the indictment.  *Id.* at 3 n.1.  Finally, the circuit court ruled that it was not improper to admit evidence of other defendants' possession of firearms, nor was it improper to admit certain "drug ledgers."  *Id.* at 4-5.  Mr. Gross petitioned for a writ of certiorari.  The Supreme Court denied his petition on October 6, 2006.  On September 27, 2007, he filed the instant motion to vacate his conviction and sentence.  28 U.S.C. § 2255.  Thereafter, the Court granted the parties' requests for extensions of their respective deadlines for filing memoranda.  The record is now complete.

**FIRST GROUND FOR RELIEF (JURY INSTRUCTIONS)**

A. Errors by the Court

Mr. Gross claims that the Court erred by refusing to give, and by giving, certain instructions.  However, he defaulted this claim by failing to raise it on direct appeal.  *United States v. Ratigan*, 351 F.3d 957, 964 (9th Cir.2003), *cert. denied*, 543 U.S. 853, 125 S.Ct. 173, 160 L.Ed.2d 87 (2004).

B. Ineffective Assistance

In the alternative, Mr. Gross claims that his attorney should have objected to the disputed instructions, either during the trial or on appeal, and that his failure to do so constitutes ineffective assistance of counsel.

ORDER - 2

*1. Instructions 41 and 42*

Instruction 41 focused on each defendant's individual responsibility for his conduct. It stated, "A defendant is responsible for the quantities of controlled substance that he distributes." Instruction 42 focused an a conspirator's responsibility for the conduct of his coconspirators. It set forth the circumstances in which a member of a conspiracy may be legally responsible for the quantities that a co-conspirator distributes. The jury sent a note indicating that it thought that the two instructions were inconsistent. The Court explained to the jury how to reconcile them. Mr. Gross argues that the instructions are inconsistent and that he suffered prejudice from his attorney's failure to object. Mr. Gross is incorrect. The instructions accurately stated the law regarding a conspirator's accountability for his own conduct and the conduct of other members of the conspiracy. *United States v. Rosales*, 516 F.3d 749, 754 (9th Cir.), *cert. denied*, --- U.S. ----, 128 S.Ct. 2904, --- L.Ed.2d ---- (2008). As a result, he suffered no prejudice.

*2. Instruction 34*

Instruction 34 exhorted the jury to perform its duty without bias or prejudice; to consider all of the evidence; and to reach a just verdict. Mr. Gross argues that Instruction 34 created a presumption against him. He is incorrect. Contrary to Mr. Gross' interpretation, Instruction 34 did just the opposite. It reminded the jurors of their duty to render a considered verdict.

*3. Instruction regarding independent research*

The Court admonished the jury not to conduct independent

research.  Mr. Gross argues that his attorney's failure to object to this admonition deprived him of a well-informed jury.  Mr. Gross is incorrect.  As the government points out, the Court's admonition was a correct statement of the law.  *See, e.g.,* Ninth Circuit Model Criminal Jury Instructions § 1.9 (2008) ("Conduct of the Jury").

*4. Limiting instructions*

The government presented evidence of two conspiracies.  Mr. Gross participated in one of them, but not the other.  He claims that he suffered prejudice as a result of his attorney's failure to propose an instruction forbidding the jury from considering evidence regarding the conspiracy in which he did not participate.  Mr. Gross is incorrect.  As the Ninth Circuit explained, the evidence against him was readily compartmentalized.  Thus, he suffered no prejudice from his attorney's failure to propose an instruction forbidding the jury from considering evidence about the other conspiracy when analyzing the charge against him.

Next, Mr. Gross argues that he suffered prejudice because of his attorney's failure to propose an instruction advising the jury that it had to separately determine the quantity of controlled substance for which each conspirator was responsible.  Mr. Gross is incorrect.  As the government observes, the verdict forms required the jury to separately determine the quantity of methamphetamine for which he was responsible.  Mr. Gross suffered no prejudice.

*5. Lesser included offense*

Mr. Gross argues that his attorney should have proposed an instruction allowing the jury to find him guilty of either conspiracy

ORDER - 4

to possess methamphetamine for personal use or simple possession of methamphetamine.  Mr. Gross is incorrect.  Even assuming that the crimes he cites are lesser included offenses of the crime of conspiracy to distribute methamphetamine (an issue that the Court need not resolve), the quantities of methamphetamine at issue in the case were too large, and the evidence of distribution too overwhelming, to justify an instruction allowing the jury to find that Mr. Gross' involvement in this case was limited to obtaining methamphetamine for personal use.  *See United States v. Vaandering*, 50 F.3d 696, 703 (9th Cir.1995) (district court may refuse to give lesser included based upon personal use where the evidence does not support such a theory).

**SECOND GROUND FOR RELIEF (GOVERNMENTAL MISCONDUCT)**

Mr. Gross claims that the government engaged in four types of misconduct:  improperly vouching for witnesses, instituting a vindictive prosecution, presenting perjured testimony, and eliciting inadmissible hearsay.  However, he defaulted those allegations by failing to raise them on direct appeal.  *See Ratigan*, 351 F.3d at 964. Mr. Gross acknowledges as much.  In the alternative, he argues that his attorney was ineffective for failing to raise them.

A. Vouching

Mr. Gross alleges that, on one or more occasions during the trial, an Assistant United States Attorney ("AUSA") used the pronoun "we" when examining a government witness.  In addition, Mr. Gross alleges that an AUSA repeatedly asked government witnesses whether the witness understood his duty to tell the truth while testifying.  Mr. Gross characterizes those types of behavior as "vouching," and argues

that his attorney should have objected.  Mr. Gross is mistaken both as to fact and law.  Insofar as the pronoun "we" is concerned, his attorney did, in fact, raise the issue in a post-trial motion.  The Court ruled that neither this nor any other alleged misconduct by the government warranted a new trial.  Insofar as the AUSA's questions concerning truthfulness are concerned, Mr. Gross is mistaken as a matter of law.  The questions were not improper.

B. Vindictive Prosecution

Mr. Gross alleges that the government engaged in vindictive prosecution.  Although he uses the term "vindictive prosecution," he does not appear to be employing the term in the manner in which it is customarily used.  Instead, he appears to be alleging that his attorney should have challenged the indictment on the ground that it was drafted in a manner that made his conduct seem worse that it actually was.  Mr. Gross is mistaken.  He has failed to cite a single case in which the Ninth Circuit, or any other federal Circuit Court of Appeals, has upheld a challenge to an indictment similar to the one he faced.

C. Perjured Testimony

Mr. Gross alleges that the government presented perjured testimony from Marie Hale and Karen Deaton.  According to Mr. Gross, perjury may be inferred from the inconsistencies between their testimony and the record as a whole.  Apparently, the jury disagreed; and they were the judges of credibility.  Besides, even if Ms. Hale and Ms. Deaton lied, there is no evidence that the government knew they were lying and nevertheless presented their testimony to the

ORDER - 6

1    jury.

2    D. Presenting Unfairly Prejudicial Testimony

3    Detective Jerrie Northrup testified for the government.  An AUSA

4    asked her to describe consumption-sized quantities of methamphetamine.

5    (Transcript of Proceedings, at 325.)  While explaining, Detective

6    Northrup referred to a drug-related homicide.  Mr. Gross argues

7    Detective Northrup's comment was unfairly prejudicial and that his

8    attorney should have objected.  Mr. Gross is incorrect.  The AUSA was

9    entitled to offer evidence that, in the government's opinion, would

10   indicate just what quantity of methamphetamine would constitute a

11   consumption-sized quantity.  Neither the AUSA nor Detective Northrup

12   suggested that Mr. Gross had anything to do with the homicide.

13   Consequently, his attorney's failure to object was a reasonable

14   tactical decision.

15   **THIRD GROUND FOR RELIEF (IMPROPER CONSOLIDATION)**

16   Mr. Gross argues that his attorney's failure to object to a joint

17   trial deprived him of constitutionally effective assistance of

18   counsel.  Mr. Gross is incorrect.  The only way in which Mr. Gross

19   arguably could have obtained severance of his trial from his

20   codefendants' trials would have been to show that, during a joint

21   trial, he would suffer prejudice from the spillover of evidence

22   concerning his codefendants.  The Court addressed this issue in the

23   jury instructions, advising the jury to decide each count separately.

24   (Instruction No. 6.)  Furthermore, the Ninth Circuit ruled that Mr.

25   Gross did not suffer prejudice from the presentation of evidence

26   concerning two conspiracies because the evidence "concerning each

ORDER - 7

conspiracy was readily 'compartmentalized[.]'" (Memorandum opinion at 3.)  Given the Court's instructions, and the Ninth Circuit's resolution of the "spillover" issue, there is no reason to think that the Ninth Circuit would have reversed Mr. Gross' conviction based upon the fact that he was tried with his codefendants.  Mr. Gross' attorney did not deprive him of effective assistance by failing to object to a joint trial.

**FOURTH GROUND FOR RELIEF (SCHEDULE III VERSUS SCHEDULE II)**

Mr. Gross argues that methamphetamine is a Schedule III controlled substance, rather than a Schedule II controlled substance, and that his attorney should have raised this issue.  Mr. Gross is incorrect.  Methamphetamine clearly is a Schedule II controlled substance.  21 C.F.R. § 1308.12.  *See United States v. Kendall*, 887 F.2d 240, 241 (9th Cir.1989) (*per curiam*).

**FIFTH GROUND FOR RELIEF (FAILURE TO DEVELOP DEFENSE THEORY AT SENTENCING)**

Mr. Gross alleges that he suffered prejudice as a result of his attorney's failure to argue at sentencing that the methamphetamine attributed to him by the jury was for personal use rather than distribution.  Mr. Gross is incorrect.  Given the mandatory penalties established by Congress, 21 U.S.C. § 841(b)(1)(A), Mr. Gross' sentence would not have differed had his attorney made a "personal use" argument.

**SIXTH GROUND FOR RELIEF (VARIANCE)**

Mr. Gross claims his attorney should have objected to evidence offered by the government concerning events which occurred before the

ORDER - 8

conspiracy began.  By failing to object, says Mr. Gross, his attorney allowed the government to constructively amend the indictment during trial.  Mr. Gross is incorrect.  The Ninth Circuit addressed this argument in its opinion.  "[W]e find," said the circuit court, "that there was not a constructive amendment [of the indictment] in this case because the nature and elements of the charge were not altered by the evidence at trial."  (Memorandum opinion at 3 n.1 (citation omitted)).

**SEVENTH GROUND FOR RELIEF (FAILURE TO OBJECT TO "BAD ACTS" EVIDENCE)**

A. Events and Statements Before Conspiracy Began

Karen Deaton and Loren Broyles testified that they purchased methamphetamine from Mr. Gross.  In addition, Mr. Broyles testified that another conspirator, Christopher Awbery, did not trust Mr. Gross because he had a prior conviction.  According to Mr. Gross, their testimony described events and statements which occurred prior to the advent of the conspiracy.  That being the case, says Mr. Gross, the testimony was inadmissible and he suffered prejudice as a result of his attorney's failure to object under Federal Rule of Evidence 404(b).  Mr. Gross is incorrect.  Even assuming that the disputed events and statements occurred before the period alleged in the indictment (an allegation which the government disputes), they do not fall within the scope of Rule 404(b).  They enabled the government to explain the relationship between Mr. Gross and other members of the conspiracy.  Thus, the disputed events and statements were inextricably intertwined with the conspiracy charged in the

indictment.  *See United States v. Soliman*, 813 F.2d 277, 279 (9th Cir.1987) ("[e]vidence should not be treated as 'other crimes' evidence when the evidence concerning the ['other'] act and the evidence concerning the crime charged are inextricably intertwined").

B. Prior Conviction

Mr. Gross was convicted during 1994 in United States District Court for the Eastern District of Washington of the crime of distribution of methamphetamine.  His conviction falls within the scope of Rule 404(b).  *See, e.g., United States v. Ramirez-Robles*, 386 F.3d 1234, 1242-44 (9th Cir.2004), cert. denied, 544 U.S. 1035, 125 S.Ct. 2251, 161 L.Ed.2d 1063 (2005).  The Ninth Circuit has adopted a multi-part test for determining the admissibility of Rule 404(b) evidence.  *See, e.g., United States v. Plancarte-Alvarez*, 366 F.3d 1058 (9th Cir.2004), *amended by* 449 F.3d 1059 (9th Cir.2006).  When one analyzes Mr. Gross' 1994 conviction in light of the elements of the test, it is clear that the conviction was admissible under Rule 404(b).  *See, e.g., Ramirez-Robles*, 386 F.3d at 1242 (upholding admissibility under Rule 404(b) of prior conviction for possession of methamphetamine for sale).  Nor is there any reason to think that the prejudicial impact of the conviction substantially outweighed its probative value.  *See id.* at 1243-44.  Thus, there would have been no reason to exclude evidence of the 1994 conviction under Rule 403.

**EIGHTH GROUND FOR RELIEF (FAILURE TO OBJECT TO LETTER)**

The government offered a letter that had been sent from Christopher Awbery to Mark Person.  Mr. Gross claims his attorney should have objected.  In fact, his attorney did object.

ORDER - 10

**NINTH GROUND FOR RELIEF (ERROR IN VERDICT FORM)**

The verdict form that the Court first gave to the jury contained a typographical error.  Seizing upon the existence of the typographical error, Mr. Gross questioned the jury's finding regarding quantity.  In its answer, the government acknowledged the existence of the error.  However, as the government pointed out, and Mr. Gross now concedes, the jury noticed the error and called it to the Court's attention.  The Court provided the jury with a corrected verdict form. Mr. Gross claims, nonetheless, that his attorney should have objected to the corrected verdict form because it permitted the jury to find that he was responsible for a lesser quantity than that alleged in the indictment.  Contrary to Mr. Gross, his attorney did not err in failing to object and he suffered no prejudice as a result of his attorney's failure to do so.  To begin with, quantity is not an element of the offense.  *See United States v. Toliver*, 351 F.3d 423, 431 (9th Cir.2003).  Thus, there was no inconsistency between the elements set forth in the indictment and those with respect to which the jury was instructed.  Furthermore, the manner in which the verdict form was crafted worked in Mr. Gross' favor.  It required the government to prove quantity beyond a reasonable doubt, and it permitted the jury to find that Mr. Gross was responsible for a lesser quantity than the quantity alleged in the indictment.

**TENTH GROUND FOR RELIEF (CONSTRUCTIVE AMENDMENT)**

As noted above, Mr. Gross alleges that the government constructively amended the indictment by offering evidence of events and statements that occurred prior to the date upon which the

conspiracy began.  Not only does he reiterate his allegation that his attorney should have objected to this evidence, but also he argues that his attorney failed to argue the issue effectively upon appeal. Mr. Gross is incorrect.  The evidence cited by Mr. Gross did not fall within the scope of Rule 404(b).  As a result, his attorney did not err by failing to object.  Nor is there any basis for concluding that his attorney's appellate argument was ineffective.  The Ninth Circuit considered it, but rejected it on the merits.  Mr. Gross' attorney could do no more than make the argument.  The outcome was in the circuit court's hands.

**ELEVENTH GROUND FOR RELIEF (FAILURE TO CHALLENGE CRIMINAL HISTORY)**

Mr. Gross alleges that his attorney should have investigated the validity of his 1994 drug-trafficking conviction prior to sentencing in the instant action.  Perhaps so, but Mr. Gross has failed to identify any ground upon which his attorney could have successfully challenged the conviction.  Indeed, the Court recently rejected Mr. Gross' own collateral attack upon his 1994 conviction.

**TWELFTH GROUND FOR RELIEF (CHAIN OF CUSTODY)**

Mr. Gross alleges that the government failed to establish the chain of custody for certain items of evidence seized by law enforcement officers and that his attorney should have objected on this basis.  Mr. Gross is incorrect.  "[A] defect in the chain of custody goes to the weight, not the admissibility of the evidence[.]" *United States v. Matta-Ballesteros*, 71 F.3d 754, 769 (9th Cir.1995) (citations omitted).  Assuming, for purposes of argument, that Mr.

Gross is correct about defects in the chain of custody, there is no reason to doubt the admissibility of the evidence. Moreover, it was for the jury to determine how much weight to give to the disputed evidence. Mr. Gross suffered no prejudice from his attorney's failure to object.

**THIRTEENTH GROUND FOR RELIEF (BOOKING PHOTOS)**

The government used "booking photos" of Mr. Gross for purposes of identification. He alleges that the photos were unfairly prejudicial and that his attorney should have challenged their admissibility on appeal. Mr. Gross is incorrect. There is no reason to doubt the admissibility of the photos, much less that the Ninth Circuit would have reversed Mr. Gross' conviction even if the circuit court decided that it was error to admit them. *See* Fed.R.Crim.P. 52(a) ("[a]ny error . . . that does not affect substantial rights must be disregarded").

**FOURTEENTH GROUND FOR RELIEF ("DRUG LEDGERS")**

The Court admitted certain "drug ledgers." Mr. Gross' attorney objected during trial and argued the issue on appeal. Mr. Gross alleges that his attorney failed to argue the correct theory on appeal, *viz.*, that the ledgers were inadmissible in light of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). It is unclear whether Mr. Gross is correct in that regard, and, in any event, it does not matter. The Ninth Circuit said, "Even if it were an abuse of discretion on the part of the district court to admit the drug ledgers, we would find that it was harmless error, in that there was overwhelming evidence to support Gross' conviction absent their

admission." (Memorandum opinion at 5 n.2.)

**FIFTEENTH GROUND FOR RELIEF (INDICTMENT)**

Count 1 of the Fourth Superseding Indictment alleged that Mr. Gross and his fellow conspirators conspired to distribute more than 500 grams of methamphetamine. At the time, it was widely assumed that such allegations were necessary given the Supreme Court's rationale for its decision in *Blakely v. Washington*, 542 U.S. 296, 313, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Now, after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), it is clear that the allegations were unnecessary. Citing *Booker*, Mr. Gross argues that his attorney should have challenged the indictment on the ground that it contained surplusage. Mr. Gross is incorrect. As a general rule, surplusage in an indictment is simply ignored. *See United States v. Heck*, 499 F.2d 778, 792 (9th Cir.), *cert. denied*, 419 U.S. 1088, 95 S.Ct. 677, 42 L.Ed.2d 680 (1974). Even where the indictment is read to the jury (which did not occur here), "[s]urplusage should not be stricken unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Peters*, 435 F.3d 746, 753 (7th Cir.2006) (internal punctuation and citations omitted). In view of the preceding principles, it is clear that Mr. Gross suffered no prejudice as a result of his attorney's failure to challenge surplusage in the indictment.

**SIXTEENTH GROUND FOR RELIEF (TESTIMONY REGARDING DRUG LEDGERS)**

Mr. Gross alleges that a law enforcement officer testified that the drug ledgers were prepared to record drug deals. Mr. Gross argues

ORDER - 14

for the first time in his reply to the government's answer that the testimony was inadmissible "modus operandi" testimony.  He is incorrect.  *See, e.g., United States v. Valencia-Amezcua*, 278 F.3d 901, 908-910 (9th Cir.2002) (district court properly admitted an agent's testimony "that (1) the house [in which the defendant was present] contained a large-scale methamphetamine lab requiring the participation of numerous workers and that (2) as a typical method of operation, large-scale manufacturers of methamphetamine do not allow uninvolved persons near their operations because of fear of theft").

**CUMULATIVE IMPACT**

Mr. Gross argues that even if no one of the preceding grounds is sufficient to justify habeas relief under § 2255, their cumulative impact is.  Mr. Gross is incorrect.  Whether considered individually or cumulatively, the grounds cited by him fall well short of establishing that he suffered prejudice as a result of his attorney's alleged errors.

**IT IS HEREBY ORDERED:**

1. The defendant's motion for an evidentiary hearing (**Ct. Rec. 150**) is **denied.**

2. The defendant's motion to vacate (**Ct. Rec. 147**) is **denied.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the government.

**DATED** this   9th    day of October, 2008.

                    s/ Fred Van Sickle
                    Fred Van Sickle
           Senior United States District Judge

ORDER - 15