FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>MICHAEL GROSS,<br><br>               Defendant. | NO: 2:04-CR-32-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR JURISDICTION AND DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE |

BEFORE THE COURT are motions by Defendant Michael Gross, a federal inmate proceeding pro se, for jurisdiction, ECF No. 200, and for a reduction of sentence and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 199. The United States did not respond within the time allowed by LCivR 7. Having considered Defendant's motions and the attached materials, as well as the relevant law, the Court is fully informed.

///

///

ORDER GRANTING DEFENDANT'S MOTION FOR JURISDICTION AND DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE ~ 1

## BACKGROUND

Following a jury trial before United States Senior District Judge Fred Van Sickle in fall 2004, Mr. Gross was convicted of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. Judge Van Sickle sentenced Mr. Gross, by judgment entered on January 11, 2005, to 240 months imprisonment and a ten-year term of supervised release. ECF No. 109. The sentence was enhanced pursuant to 21 U.S.C. § 851 for a prior conviction. Twenty years imprisonment was the statutory mandatory minimum sentence at the time that Mr. Gross was sentenced. *See* 21 U.S.C. § 841(b)(1)(A) (prior to the amendments by the First Step Act of 2018, Pub.L. 115-391 ("First Step Act"), § 401, which lowered certain mandatory minimum sentences for drug offenses).[1] To date, Mr. Gross has served over fifteen years of his twenty-year sentence. *See* ECF No. 199 at 9. Mr. Gross represents that he has a current release date of July 7, 2021. *Id.* at 1.

Mr. Gross seeks immediate release based on his medical issues and his age. He developed a detached retina in August 2015 at the U.S. Bureau of Prisons ("BOP") facility where he was formerly housed and waited nearly one year for

---

[1] The First Step Act lowered the twenty-year mandatory minimum to a fifteen-year mandatory minimum term. *See, e.g.,* United States Sentencing Commission, Office of Education & Sentencing Practice, *ESP Insider Express: Special Edition: First Step Act* (February 2019), available at: https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Jun. 7, 2019).

ORDER GRANTING DEFENDANT'S MOTION FOR JURISDICTION AND DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE ~ 2

surgery to reattach it. He received a settlement from the BOP on a Federal Tort Claims Act claim he pursued based on the alleged delay in treatment. Defendant continues to experience vision impairment, headaches, eye irritation, and problems with equilibrium, due to remaining scar tissue from Defendant's detached retina. Since at least May 1, 2018, the BOP has noted that Mr. Gross has a severe visual impairment to the extent that he is legally blind in his right eye. *Id.* at 10. Mr. Gross was restricted to sleeping on the lower bunk in his cell and may wear tinted glasses indoors. *Id.*[2]

Mr. Gross turned 65 on March 13, 2019. ECF No. 199 at 1. He submitted documentation of furloughs that the BOP granted him in 2012 and 2018. *Id.* at 14−15. He represents that he has successfully completed a total of twenty furloughs, some unescorted and others escorted, during his incarceration. *Id.* at 7.

Mr. Gross further submitted the form on which he requested reduction of his sentence and compassionate release from the BOP, dated January 28, 2019. Mr. Gross indicates in his motion for jurisdiction that the warden of the BOP facility in which he is housed did not respond within 30 days. ECF No. 200 at 1. Mr. Gross filed the instant motions with this Court on March 15, 2019.

---

[2] The form submitted by Defendant indicates that the lower bunk restriction expired on March 31, 2019, and there is nothing in the record to indicate whether the restriction was renewed after that date.

# RELEVANT LAW

Federal Rule of Criminal Procedure 35 generally delineates the parameters of a district court's ability to modify a prison sentence once judgment is entered. That provision offers no relief to Defendant. However, 18 U.S.C. § 3582(c)(1)(A) also reserves an opportunity for a reduced sentence if, after the Court considers the factors under 18 U.S.C. § 3553(a) to the extent that they are applicable, the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]"

The U.S. Sentencing Commission has issued a policy statement recognizing certain circumstances as "extraordinary and compelling reasons" for purposes of compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

> (A) Medical Condition of the Defendant.—
> (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . . .
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
> that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances—
    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.
    (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13.

Up until December 21, 2018, the Court could reduce a term of imprisonment for extraordinary and compelling reasons only upon motion by the Director of the BOP. However, section 603(b)(1) of the First Step Act modified section 3582(c)(1)(A) to allow a federal prisoner to move on his own behalf for a sentence reduction and compassionate release after exhausting all administrative appeals of the BOP's refusal to bring such a motion or after "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13, USSG, has not been updated since enactment of the First Step Act.

///

///

## DISCUSSION

As a preliminary matter, the Court finds sufficient support for Defendant's contention that more than thirty days elapsed from his filing of a request for sentence reduction with the BOP and his filing of the instant motions. Defendant's BOP form is dated January 28, 2019, ECF No. 199 at 9, and he moved for relief from this Court on March 15, 2019. Therefore, the Court grants Defendant's motion for jurisdiction. ECF No. 200.

Mr. Gross has served over fifteen years of his twenty-year sentence. He is now over 65 and, following a detached retina in 2015, has developed significant visual impairment and suffers accompanying symptoms such as headaches, balance issues, light sensitivity, issues with depth perception, and eye irritation and pain. ECF No. 199 at 2. Mr. Gross maintains that wearing sunglasses inside, as he was given medical permission to do to address his eye symptoms, is a "safety concern in the prison context[,]" although he does not offer an explanation as to why that would be the case. ECF No. 199 at 2.

According to the policy statement's definition of "extraordinary and compelling reasons," Defendant also must show that he is either: (1) suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or deterioration of physical or mental health because of the aging process, and that the impairment is one from which Defendant is not expected to

recover and substantially diminishes Defendant's ability to provide self-care within the environment of a correctional facility; or (2) at least 65 years old, experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his term, whichever is less. USSG § 1B1.13.

For the medical condition ground, Defendant must show that his impairment is serious and inhibits his ability to take care of himself in a correctional environment. The only assertion that Defendant makes toward this end is a conclusory statement that wearing sunglasses indoors present a safety concern in a correctional institution. *See* ECF No. 199 at 2. However, the medical assessment restricting Defendant to the lower bunk in his cell and permitting him to wear tinted glasses indoors does not impose any work restrictions and clears Defendant for work in food service. *Id.* at 10. In addition, the lower bunk restriction expired on March 31, 2019. *Id.* Without more support for Defendant's assertion that his ability to care for himself is "substantially diminished," Defendant has not persuaded the Court that any "extraordinary and compelling" circumstance exists on this basis.

With respect to reducing Defendant's sentence based on his age and accompanying factors, the Court does not find that the physical impairments that Defendant describes qualify as deterioration in physical health because of the aging process. Rather, all of the impairments that Defendant submits for the Court's

ORDER GRANTING DEFENDANT'S MOTION FOR JURISDICTION AND DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE ~ 7

consideration allegedly are complications from his detached retina, a condition that Defendant does not demonstrate as being related to the aging process. Therefore, the Court does not conclude that Mr. Gross's impairments constitute "extraordinary and compelling reasons" in accordance with the policy statement. *See* USSG § 1B1.13.

Having concluded that Mr. Gross has not satisfied the elements for a reduction of sentence and compassionate release, the Court does not evaluate whether Mr. Gross poses a safety risk to his community or whether the section 3553(a) factors favor release. *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.

Accordingly, reduction of Mr. Gross's sentence, and compassionate release, is not proper under 18 U.S.C. § 3582(c)(1)(A)(i) and USSG § 1B1.13. **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Jurisdiction, **ECF No. 200**, is **GRANTED**.
2. Defendant's Motion for Compassionate Release/Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), **ECF No. 199**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to Defendant and counsel.

**DATED** June 11, 2019.

                              *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
                                United States District Judge