FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 02, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>MICHAEL GROSS,<br><br>                Defendant. | NO: 2:04-CR-032-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

      BEFORE THE COURT is Defendant Michael Gross's Motion for Reconsideration of the Court's Order Granting Defendant's Motion for Jurisdiction and Denying Defendant's Motion for Reduction of Sentence and Compassionate Release, ECF No. 203, issued on June 11, 2019 ("June 11 Order"). ECF No. 204. The Government did not respond within the timeframe set by LCivR 7.

      In the June 11 Order, the Court found that Mr. Gross had sufficiently established a basis for jurisdiction in this Court by showing that the United States Bureau of Prisons did not respond to the request for sentence reduction and compassionate release that Mr. Gross filed within thirty days. ECF No. 203 at 6.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 1

However, the Court denied Mr. Gross's request for a reduction in sentence and compassionate release under 18 U.S.C. § 3582(c)(1)(A), after engaging in an analysis of the authority that the Court determined to be controlling. *Id.* at 5. Mr. Gross seeks reconsideration of the June 11 Order based on an argument that the Court misconstrued the relevant standards governing compassionate release after the First Step Act took effect on December 21, 2018. ECF No. 204 at 1.

"Motions for reconsideration are disfavored." LCrR 12(c)(5). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

As the Court recited in its prior order, 18 U.S.C. § 3582(c)(1)(A) allows a sentencing court to reduce a defendant's sentence if, after the Court considers the factors under 18 U.S.C. § 3553(a) to the extent that they are applicable, the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." After the First Step Act, the defendant may move on his own behalf for a sentence reduction under this provision after exhausting all administrative appeals of the BOP's refusal to bring such a motion or after "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court then reviewed the relevant portion of the policy statement in United States Sentencing Guideline ("USSG") § 1B1.13,

as relates to Mr. Gross, noted that USSG § 1B1.13 has not been updated since enactment of the First Step Act. ECF No. 203 at 4−5. Ultimately, the Court applied the provisions of section 3582 and the policy statement in USSG § 1B1.13 to Mr. Gross's circumstances and found that a reduced sentence and compassionate release was not justified. *See* ECF No. 203 at 4−5.

Mr. Gross seeks reconsideration on the basis that the Court mistakenly applied the "extraordinary and compelling reasons" and other language of USSG §1B1.13, while the implementing regulations for the compassionate release provisions of the First Step Act and an United States Bureau of Prisons (the "Bureau") guidance document dated January 17, 2019, direct Bureau personnel to review requests for compassionate release for "extraordinary *or* compelling reasons" (emphasis added) and provide other modifications to the standards for evaluating requests based on medical conditions and advanced age. *See* ECF Nos. 204 at 2; 204-1 (Jan. 17, 2019 Program Statement). Mr. Gross asserts that the implementing regulations, 28 CFR Subpart G - Compassionate Release (Procedures for the Implementation of 18 U.S.C. 3582(c)(1)(A) and 4205(g)), "trump a USSG 1B1.13." ECF No. 204 at 2.

However, Mr. Gross does not offer any authority for his position that the implementing regulations or the Bureau's program statement displace the policy statement in USSG §1B1.13. The regulations and the program statement, by their own language, are addressed to the Bureau's consideration of compassionate release requests, not the sentencing court's consideration. *See* 28 CFR § 571.62 (Approval

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 3

of Request); ECF No. 204-1. By contrast, the statutory language following incorporation of the First Step Act's amendments still requires that a Court find that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Consistent with this Court's reading of the relevant authority, other district courts have rejected defendants' arguments that courts should disregard USSG § 1B1.13 because it has not yet been amended pursuant to the First Step Act. *See United States v. Shields*, No. 12-CR-410-BLF-1, 2019 WL 2359231, at *4 (N.D. Cal. Jun. 4, 2019); *United States v. Overcash*, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *2 (W.D.N.C. Apr. 3, 2019).

Finding no facts or legal authority to support departing from the Court's June 11 Order, the Court **DENIES** Mr. Gross's Motion for Reconsideration, **ECF No. 204**. Despite the Court's conclusion, even if the Court were to evaluate Mr. Gross's motion for "extraordinary *or* compelling reasons" to reduce his sentence, the Court finds that Mr. Gross has not presented any qualifying reasons at this time.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to Mr. Gross and to counsel.

**DATED** August 2, 2019.

                                    *s/ Rosanna Malouf Peterson*
                                    ROSANNA MALOUF PETERSON
                                    United States District Judge